The Honorable Ricardo S. Martinez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

VOLODYMYR PIGIDA,

Defendant.

NOS. CR18-294 RSM

CR23-174 RSM

UNITED STATES' SUPPLEMENTAL
SENTENCING MEMORANDUM

17    Defendant Volodymyr Pigida has shown nothing but contempt for this Court, the
18  government, and the jury that heard the case against him. Last July, with his sentencing
19  hearing looming on 26 felony convictions, Pigida fled. He sent a letter insisting he's done
20  nothing wrong, and insulting Your Honor, the prosecutors, and everyone else involved in
21  his case. Through the diligent efforts of federal law enforcement was he eventually found.
22  He was arrested hiding behind a false wall in a relative's house in Florida. Agents had to
23  literally drag him out.
24    Before the scheduled sentencing hearing last summer that did not happen because
25  of Pigida's flight, the government filed a memorandum describing the history of this case
26
27

Gov. Sentencing Memo - 1
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and the defining features of Pigida's fraud scheme. Dkt. 276.[1] The government now files this supplemental memorandum to address his new failure-to-appear offense and the appropriate sentence for all his criminal conduct. As explained below, the government recommends that the Court sentence Pigida to 235 months of imprisonment.

## I.      FAILURE TO APPEAR

Pigida's trial in his underlying fraud case began in November 2022. Dkt. 200. Pigida was out on bond. Dkt. 22. After approximately three weeks of trial, the jury returned guilty verdicts on all counts. Dkts. 224, 227.

Sentencing was set for August 4, 2023, but Pigida did not appear. Dkts. 259, 278. A few days before the sentencing hearing, Pigida emailed the Court, his probation officer, his attorneys, and several assistant U.S. attorneys. PSR ¶ 30. He described his message as a "protest against the injustice that happened to me." He claimed that he had no "opportunity to defend" himself at trial, and that the case against him was "fabricated." He called Your Honor "corrupt." He claimed that the prosecutors "cover[ed] up the truth" and "blatantly lied in order to win their case." He said he is "completely innocent." He closed by saying:

> PS I had to leave the country because the system is corrupt and does not allow innocent people to defend themselves. I want to express my contempt for the people who destroyed my life.

It turned out that, by the time everyone received this message, Pigida was already gone.

The Court issued a warrant for Pigida's arrest. Dkt. 278. The FBI, the Postal Inspection Service, and others then set about finding him. His email had said he fled the country, but agents believed that might not be true. In October 2023, after devoting substantial time and resources to the search, law enforcement tracked Pigida to a relative's house in Parkland, Florida. PSR ¶ 32. A team went there to arrest him, but Pigida barricaded himself inside. Three hours passed with Pigida refusing to come out peacefully.

---

[1] Citations to docket entries relate to case number CR18-294 unless otherwise noted.

Gov. Sentencing Memo - 2
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Agents finally arrested him by cutting a hole in the wall to get to his hiding place. They

2    had to drag him out through the hole. He had a wig, survival equipment, camping supplies,

3    and other items inside a hidden safe room. There were multiple firearms in the home.

4         Pigida was indicted on a new charge of failure to appear, in violation of 18 U.S.C.

5    § 3146(a)(1) and (b)(A)(i). Dkt. 1 (CR23-174). The Court remanded him to custody, where

6    he has remained. Dkt. 11 (CR23-174). In January 2024, he entered an open guilty plea to

7    the charge. Dkt. 16 (CR23-174). He now appears for sentencing on both cases.

8              **II.    GUIDELINES AND RECOMMENDED SENTENCE**

9    **A.    Sentencing Guidelines**

10        The presentence report correctly calculates the Sentencing Guidelines advisory

11   sentence. The offense level is 38, and the criminal history category is I, making the

12   sentencing range 235 to 293 months. PSR ¶¶ 61, 65.

13        The Probation Office is rightly applying a five-level increase of the offense level

14   for Pigida's failure to appear. The Ninth Circuit has affirmed this approach in exactly these

15   circumstances. *See United States v. Rosas*, 615 F.3d 1058, 1063–66 (9th Cir. 2010). Pigida

16   objects that the increase is "double punishment," Dkt. 24 (CR23-174) at 5, but his objection

17   has no basis in the Guidelines and, in any event, is foreclosed by *Rosas*.

18        Additionally, the Probation Office is rightly applying a 20-level increase of the

19   offense level for a loss exceeding $9.5 million. PSR ¶ 50. The government's evidence at

20   trial, as recounted in the presentence report, established that TSP promoters collectively

21   lost over $11 million in the Ponzi scheme. *Id*. Pigida objects to the loss amount, claiming

22   it was actually several million dollars lower, but he is narrowly focused on the unrecovered

23   losses claimed in TSP's bankruptcy. That loss amount is only a subset of the overall losses

24   because not all victims of the Ponzi scheme had claims in the bankruptcy case. Pigida is

25   correct insofar as he points out that some promoters recovered some funds in the

26   bankruptcy. But even if the Guidelines loss amount were to take account of recoveries in

27   the bankruptcy case—which it should not—the loss amount would still exceed the $9.5

Gov. Sentencing Memo - 3
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   million threshold for the 20-level increase, as discussed further in the "Restitution" section
2   below.

3   **B.      Recommended Sentence of Imprisonment**

4          The Court should sentence Pigida to 235 months of imprisonment. The government
5   recommends that, as to each count, the sentence be as follows, with all terms served
6   concurrently:

7      **CR18-294**    Count 1:                    60 months
8                      Counts 2–11, 13–21:         235 months
9                      Counts 22–26:               60 months
10                     Count 27:                   235 months
11     **CR23-174**    Count 1:                    120 months

12         In arriving at this recommendation, the government's overriding consideration is
13  that there is simply nothing in the record to justify a downward departure or variance from
14  the Guidelines range. Pigida carried out a massive, years-long fraud that badly harmed
15  thousands of victims. When TSP plunged into bankruptcy, the fraud went on unabated,
16  with Pigida falsifying documents and lying under oath. And then the entire history of this
17  prosecution reveals—more than a continued unwillingness to accept responsibility—an
18  active defiance of the Court's authority and the criminal justice process. Pigida's email
19  message insulted the Court and virtually every other participant in his case, all because a
20  jury of his peers convicted him of the charges against him after a fair trial.

21         As if all that were not egregious enough, there is Pigida's failure to appear at his
22  sentencing hearing last August. He abused the trust that the Court had placed in him when
23  it allowed him to stay out of custody, particularly after he was convicted at trial. He went
24  to great lengths to cover his tracks after he fled, meaning law enforcement agents had to
25  expend considerable resources to find and arrest him. When he was finally found, he still
26  did not come willingly, but rather only after a three-hour standoff that ended when law
27  enforcement pulled him out through a wall.

Gov. Sentencing Memo - 4
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Pigida's many victims have been waiting for this sentencing for more than a decade. He needs to be held accountable for 27 serious felonies. No aspect of the record before the Court justifies any leniency.

Remarkably, Pigida's sentencing recommendation is lower than where it was before his failure to appear. Last summer, before Pigida absconded, he asked the Court to impose an 84-month sentence. Dkt. 275. Now he is asking for 60 months. Dkt. 24 (CR23-174). The inexplicable change can only be seen as further evidence of Pigida's dim view of this Court and his continued lack remorse for his crimes.

**C.   Supervised Release**

The government joins the Probation Office in urging that the Court impose a three-year term of supervised release with all the conditions of supervision recommended in the presentence report.

**D.   Restitution**

In preparation for this sentencing, the government calculated that Pigida owes $10,933,455.09 in restitution to 3,315 victims. It calculated those figures using the analysis of TSP's books and records performed by an FBI forensic accountant (who testified about her analysis at trial). This analysis allowed the government to identify every known TSP promoter who ultimately lost money in the Ponzi scheme. The government then reduced those loss amounts by any identifiable recoveries made by the promoters in TSP's bankruptcy case. The government shared detailed information about its methodology and results with the Probation Office and the defense on April 26, 2024. A spreadsheet with victim initials and loss amounts is ready for inclusion with the judgment.

Pigida does not appear to challenge the government's calculation. Instead, his only stated objection is that "[r]estitution should be limited to the restitution obligation imposed on co-defendant Bondarenko." Dkt. 24 (CR23-174) at 10. This objection is meritless.

As the Court will recall, Marina Bondarenko pleaded guilty to the bankruptcy fraud (Count 22). Dkt. 67 at 1. Her plea was limited to that charge, and the government agreed

Gov. Sentencing Memo - 5
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to dismiss the remaining counts against her. *Id*. Given that disposition, Bondarenko and the

2  government agreed on an amount of restitution representing loss attributable solely to the

3  bankruptcy fraud. The Court then ordered restitution in Bondarenko's judgment "pursuant

4  to [the] plea agreement." *Id.* at 6.

5        The approach to restitution followed in Bondarenko's case is common in cases that

6  resolve by plea agreement, and it is specifically allowed for by law. *See* 18 U.S.C.

7  § 3663(a)(3) ("The court may . . . order restitution in any criminal case to the extent agreed

8  to by the parties in a plea agreement."). It does not offend Pigida's rights, as he now

9  suggests, for the Court to follow a different approach to ordering restitution in his case.

10 Pigida, unlike Bondarenko, is before the Court having been convicted of every charge

11 brought against him at trial. He is accountable to all the victims of his entire scheme for

12 the full amount of their losses. Certainly, Pigida's restitution amount should be joint and

13 several with Bondarenko insofar as they overlap, but her restitution amount is not a cap on

14 his. The Court should order Pigida to pay $10,933,455.09 in restitution.

15 *//*

16

17

18

19

20

21

22

23

24

25

26

27

Gov. Sentencing Memo - 6
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.    CONCLUSION

Pigida committed serious crimes that harmed thousands of people, and he has shown nothing but contempt for the judicial process that must hold him to account. The Court should impose a stern sentence of 235 months of imprisonment and order full restitution for the victims of his crimes.

DATED: May 10, 2024

Respectfully submitted,
TESSA M. GORMAN
United States Attorney


 *s/ Philip Kopczynski*
PHILIP KOPCZYNSKI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Email: philip.kopczynski@usdoj.gov

Gov. Sentencing Memo - 7
*United States v. Pigida* / Nos. CR18-294 RSM, CR23-174 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970